IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **Ann Leslie Perper**<br>**10428 Mountain Quail Road**<br>**Silver Spring, MD 20901**<br><br>　　　**Plaintiff,**<br><br>v.<br><br>**The Hartford**<br>**151 Farmington Avenue**<br>**Hartford CT 06156**<br><br>　　　**Defendant.** | )<br>)<br>)<br>)<br>)　　Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

COMES NOW, Ann Perper, Plaintiff, by and through her attorneys of record, Peter Casciano and Andalman & Flynn, P.C., and for her Complaint for Declaratory Judgment against The Hartford, and states as follows:

### PARTIES

1. Plaintiff, Ann Perper, is a resident of Silver Spring, Maryland.

2. Defendant, The Hartford, is a Connecticut Corporation doing business in Maryland.

### JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 U.S.C. § 1331 and the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. and without limitation, §1132(e).

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## FACTS

5. Ms. Perper was born on March 8, 1957 and is currently 65 years of age. Ms. Perper was employed as a Management/Process Analyst for Booz Allen Hamilton, Inc. (hereinafter "Booz") for more than eighteen years.

6. As a benefit of her employment, Booz agreed to provide Ms. Perper with disability income coverage. These benefits were provided through a group policy issued to Booz by The Hartford.

7. These disability benefits were part of an employee welfare benefit plan as defined in 29 USC § 1002(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

8. The disability Plan provided for long term disability benefits.

9. For purposes of Ms. Perper's long term disability benefits, the Plan defines the term "disabled" as meaning that "you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition." Reasonable Occupation is defined in the policy as "any gainful activity for which you are, or may reasonably become, fitted by education, training, or experience; and Which results in, or can be expected to result in, an income of more than 80% of your adjusted predisability earnings."

10. Since November, 2018, Ms. Perper has not been released by her treating physicians to resume work due to her disabling medical condition.

11. Since November, 2018, Ms. Perper has been suffering from and receiving treatment for chronic migraine.

12. Ms. Perper's application for social security disability benefits was approved on September 14, 2019, finding her disabled beginning July 1, 2019.

13. Ms. Perper applied for total disability benefits from The Hartford and her LTD benefits began November 24, 2018.

14. Ms. Perper's LTD benefits were approved under the definition of disability noted in paragraph 9 above from November 24, 2020 until they were terminated May 31, 2021. To date, The Hartford has refused to award benefits beyond May 31, 2021.

15. Prior to the termination decision dated June 2, 2021, The Hartford hired one physician to review the documents and issue an opinion. Dr. Jon Glass issued a report dated May 3, 2021. Dr. Glass failed to contact any of the treating physicians with whom he disagreed, ignored the SSA disability approval and contradicted The Hartford's earlier continued approval of Ms. Perper's claim. Dr. Glass' report of May 3, 2021 stands alone as the only piece of evidence in the file that would support the termination of Ms. Perper's LTD benefits.

16. On January 6, 2022, Ms. Perper filed a timely administrative appeal of the June 2, 2021 decision.

17. Ms. Perper's January 6, 2022 administrative appeal included a Vocational Evaluation and Testing dated October 11, 2021. Ms. Perper also submitted updated clinical records, supported by narrative reports from each treatment provider, explaining specifically why she met The Hartford's definition of disability. Ms. Perper's key treatment providers include her treating physician and her treatment team at The Georgetown University Headache Center, who has followed her for years.

18. On February 10, 2022 The Hartford provided to Ms. Perper a paper only file review performed by Dr. David Hoenig dated February 3, 2022 and offered her the chance to respond.

19. On March 15, 2022, Ms. Perper submitted a response to The Hartford, rebutting the vague and conclusory February 3, 2022 Dr. Hoenig report. Ms. Perper brought to The

Hartford's attention the times that Dr. Hoenig had been criticized by other federal courts. Ms. Perper also filed two additional narrative reports from her treatment providers explaining why Dr. Hoenig was incorrect and detailing why Ms. Perper continued to meet the definition of disability.

20. On April 7, 2022, The Hartford responded with another file review from Dr. Hoenig, this time providing even less detail and less reasoning for his conclusion that Ms. Perper had no limitations. Other than briefly summarizing the medical documentation submitted to The Hartford on March 15, 2022, Dr. Hoenig provides one additional sentence, with no reasoning provided: "No, the additional information does not change my prior opinion."

21. Ms. Perper responded to The Hartford on April 27, 2022, providing additional medical documentation, providing an addendum from the vocational specialist Ms. Tanja Hubacker, asking The Hartford to use a different physician to review this appeal and explaining that Dr. Hoenig is currently engaging in the type of speculation that he has previously been criticized for by federal judges.

22. On May 17, 2022, The Hartford again responded with yet another vague report from Dr. Hoenig, saying simply: "No, the new information submitted does not change the original opinion from June 3, 2021 to the present."

23. Ms. Perper responded to The Hartford on June 6, 2022 detailing all the myriad errors highlighted in this Complaint, specifically in paragraphs 15-22. Specifically, Ms. Perper demanded to know the experience and training that Dr. Hoenig had in the field of chronic headache.

24. By letter of June 13, 2022, The Hartford issued a final denial of LTD benefits, clearing the way for this Complaint.

25. The administrative claim file is devoid of any evidence that Dr. Hoenig has any relevant experience or training regarding chronic migraine cases.

26. Defendant has failed and refused to provide Ms. Perper benefits under the Plan since June 1, 2021.

27. As a participant in an ERISA Plan, Ms. Perper was entitled to receive a full and fair review of her claim for benefits. As part of this full and fair review Defendant was required to fully consider all evidence submitted and Ms. Perper was entitled to receive written notice setting forth the complete basis for the denial of benefits, what evidence would be necessary to perfect the claim, and an opportunity to rebut the reasons for denial.

28. Ms. Perper has complied with the terms of the Plan and ERISA and has submitted evidence of her disability to The Hartford. However, The Hartford has violated the terms of the Plan and ERISA by failing to provide the benefits payable under the plan and failing to provide a full and fair review of Ms. Perper's claim as required by ERISA.

29. Ms. Perper has exhausted her administrative remedies.

30. By virtue of the foregoing allegations, there exists an actual antagonistic assertion and denial of right with regard to Ms. Perper's entitlement to disability benefits, and she hereby invokes the jurisdiction of this court to declare her right to disability benefits under the plan, and to decree specific enforcement of these rights and related relief in implementation of its terms.

31. At all relevant times herein, The Hartford acted under a conflict of interest in making the final decision that Ms. Perper is not entitled to LTD benefits; accordingly, the final decision should be given no deference.

## COUNT I

***(Failure to provide LTD benefits under ERISA)***

32. Ms. Perper alleges and incorporates by reference paragraphs 1 through and including 31 above.

33. The disability coverage provided to Ms. Perper was part of an "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(1) in that Booz Plan was established and maintained for the purpose of providing its participants or their beneficiaries disability benefits through the purchase of insurance.

34. Ms. Perper was a "plan participant" of the employee welfare benefit Plan established and maintained by Booz within the meaning of 29 U.S.C. 1002(7), in that she was or reasonably expected to become eligible to receive disability benefits from the Plan.

35. Defendant is a fiduciary with respect to the Plan within the meaning of 29 U.S.C. §1002(21) in that it may exercise discretion with respect to decisions regarding benefits.

36. Ms. Perper has a disability as defined by the Plan and is entitled to continuing benefits under the terms of the Plan, and any amendments and/or modification(s) thereof.

37. Ms. Perper complied with all Plan terms and requirements in requesting long term disability benefits for her disability and provided Defendant with information documenting her disability.

38. Defendant violated the requirements of ERISA, 29 U.S.C. §1132(a)(1)(B) by denying benefits under the Plan for which Ms. Perper was eligible despite her clear documentation of disability.

39. The denial of long term disability benefits by Defendant was and is not supported by the preponderance of evidence and is erroneous as a matter of law and in violation of ERISA.

40. Further, the termination of LTD benefits by Defendant was and is arbitrary, capricious, not made in good faith, unsupported by substantial evidence, a result of a conflict of interest, and an abuse of discretion.

41. The standard of review applicable to Ms. Perper's claim is *de novo* review.

42. As a direct and proximate result of the actions of Defendant, Ms. Perper has lost monthly LTD benefits in the amount of $2,914 per month ($5,468 gross LTD benefit less the value of her social security disability benefit of $2,554) since June 1, 2021 and will continue to accrue a loss of monthly benefits hereafter.

43. As a direct and proximate result of the actions of Defendant, Ms. Perper has been caused to incur attorney's fees in an attempt to secure payment of long term disability benefits justly due to her.

## COUNT II

### *(ERISA violation - no full and fair review)*

44. Ms. Perper alleges and incorporates by reference paragraphs 1 through and including 43 above.

45. The disability insurance provided by Booz to its employees is part of an "employee welfare benefit plan" ("Plan") within the meaning of 29 U.S.C. §1002(1) in that the Plan was established and maintained for the purpose of providing its participants or their beneficiaries disability benefits through the purchase of insurance.

46. Defendant is a fiduciary with respect to the Plan within the meaning of 29 U.S.C. §1002(21) in that they may exercise discretion with respect to decisions regarding benefits.

47. Ms. Perper was at all relevant times, a plan participant of the employee welfare benefit Plan established and maintained by Booz, within the meaning of 29 U.S.C. §1002(7), in that Ms. Perper was eligible to receive benefits from the employee benefit Plan which covered the employees of Booz.

48. Ms. Perper is disabled and is entitled to continuing disability benefits under the terms of the Plan and any modifications thereof.

49. Defendant violated ERISA by failing to provide the full and fair review as set forth above and as required by 29 U.S.C. § 1133.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ms. Perper demands the following relief against Defendant:

A. A declaration that Defendant is obligated to provide Ms. Perper with long term disability payments for a disability and mandating continued payment of monthly benefits so long as Ms. Perper remains disabled within the meaning of the Plan until September 30, 2023, or until the maximum benefit period expires under the Plan, whichever is later;

B. That Ms. Perper be awarded long term disability benefits as provided under the policy, plus pre-judgment interest, from the termination date of June 1, 2021 to the present;

C. That Ms. Perper be awarded reasonable attorneys' fees in addition to litigation expenses and costs; and

D. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
Ann Perper

By: _____
Peter Casciano, Bar # 17340
Andalman & Flynn, P.C.
8601 Georgia Avenue, Suite 206
Silver Spring, MD 20910
(301)563-6685
(301)563-6681(fx)
pcasciano@a-f.net
Attorney for Plaintiff